1

2

3

4

5

6

7

8

9              **UNITED STATES DISTRICT COURT**

10                 EASTERN DISTRICT OF CALIFORNIA

11

12   RAY GUTIERREZ,                        | Case No. 1:14-cv-01866 DLB PC

13                Plaintiff,                | ORDER DISMISSING COMPLAINT
                                            | WITH LEAVE TO AMEND
14        v.                               |
                                           | THIRTY-DAY DEADLINE
15   R. DOMINGUEZ, et al.,

16                Defendants.

17

18       Plaintiff Ray Gutierrez ("Plaintiff") is a California state prisoner proceeding pro se and in

19   forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

20   November 24, 2014.[1]  He names R. Dominguez, R. J. Williams, G. Doser, and R. Mayo as

21   Defendants.

22   **A.       SCREENING REQUIREMENT**

23       The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on December 10, 2014.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") at Tehachapi, California, where the events giving rise to this action took place.

Plaintiff alleges the following.  After numerous attempts and after receiving his legal properties between the dates of March 7, 2014, to April 24, 2014, Plaintiff was finally approved for "PLU" status on July 4, 2014.  However, PLU status was not started until October 20, 2014.  Plaintiff made attempts on July 6, 2014, to received PLU status sooner because Plaintiff's statute of

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

limitations date was November 20, 2014.  Plaintiff alleges this was insufficient time to allow him to

file and exhaust in the lower state courts and preserve his rights in the federal court.  Plaintiff was

denied access except for two occasions on June 13, 2014, and August 22, 2014, though he was

denied legal copies.

Plaintiff administratively appealed.  The First Level of Appeal was processed on July 7,

2014, and denied on August 14, 2014.  The administrative appeal was denied at every level of

review.

On September 3, 2014, Plaintiff was moved to CCI Facility A-6-A-101 with no property or

paper.  Plaintiff made numerous requests to property officers but received no response as the only

forms provided were single copies.  The facility did not provide inmates with CDCR Form 22.

Plaintiff advised Defendant Dominguez of the statute of limitations deadline of November

20, 2014.  Plaintiff alleges that Dominguez would be responsible for contacting property officers

Cisneros and McGurvin of the deadline; however, Dominguez failed to do so.  Plaintiff contacted

Kerin J. Ritcher, the Ombudsman out of Sacramento in order that Dominguez would be directed to

advise Cisneros and McGurvin of the deadline and Plaintiff's need for his legal property.  Plaintiff

also advised 4A Facility Counselor Schoolcraft to contact Dominguez to supply Plaintiff with his

property.  Plaintiff finally received his property on October 16, 2014.

Plaintiff states he personally advised Defendant Dominguez of his deadline of November 20,

2014 along with proof in the form of letters and court documents.  Defendant denied Plaintiff's PLU

request and did not advise Plaintiff he would have to resubmit his request.  Plaintiff waited for

Defendant Dominguez to call him on October 20, 2014, but Dominguez did not do so.  Plaintiff

requested to know why he wasn't called and Defendant responded that Plaintiff needed to fill out a

PLU request.  Plaintiff states he had no choice but to send his petitions to family members on

October 21, 2014, for copying, since he was repeatedly denied PLU access and the only way to

obtain copies was while attending the legal library.

Plaintiff then sent copies of a 602 appeal on October 29, 2014, to Dominguez regarding his

decision not to allow Plaintiff PLU status in order to make copies.  Plaintiff was then approved for

PLU status and he attended the legal library on November 6, 2014.  Plaintiff prepared a petition for

3

writ of habeas corpus which needed to be filed before the statute of limitations ran out on November 20, 2014.  Plaintiff handed his documents to Dominguez and asked that he make three copies. While Plaintiff had his back turned, Dominguez sifted through the papers.  Defendant stopped on certain pages while reading the documents and stated, "You don't need copies of these 602 documents."  Plaintiff replied that they were exhibits, facts, and supporting documents that needed to be copied.  Defendant began to read further and stated, "You don't need these either."  Plaintiff confronted Defendant Dominguez and asked, "Why are you reading my petition?"  Defendant had no explanation, and Plaintiff told him that he wasn't supposed to read my outgoing petition. Defendant became aggressive and stated, "I'll only make you two copies."  Plaintiff stated the instruction says one original and two copies are to be sent plus one for your records.  Also Plaintiff advised Defendant that he was violating Plaintiff's constitutional rights by reading his documents and denying him legal copies especially when Plaintiff was paying for them.  Defendant then took the petition to another room out of Plaintiff's view.  Another inmate, "McCoy," was standing next to Plaintiff and advised Plaintiff that Defendant was not supposed to read his petition like he did. Twenty minutes later, Defendant returned and stated, "I only made you two copies."  Plaintiff asked why only two when the instructions from the court stated two copies and one original.  Defendant replied that the petition he provided is outdated. Plaintiff asked why he would make copies of an outdated petition.  Defendant replied that he only needed one original and one copy as that is what is instructed on the revised form.  As Plaintiff organized his petition, Defendant handed him mail from the district court.

Plaintiff returned to his cell and opened his mail.  Enclosed was a revised petition for writ of habeas corpus with instructions that Plaintiff must file an original and two copies.  Plaintiff complains that Defendant did not provide him with the proper amount of copies with the intent that Plaintiff's habeas petition would be rejected as improperly filed.

Later, Defendant arrived at Plaintiff's cell door with legal mail for Plaintiff's cell mate. Plaintiff spoke to Defendant and showed him the instruction which stated that an original and two copies of the petition must be filed.  Defendant asked, "Where'd you get that?"  Plaintiff replied that it was in the legal mail Defendant gave him from the district court.  Plaintiff asked Defendant if he

4

1
2
3
4

could take the petition and make three copies of the petition and one copy of the supporting

documents as Plaintiff needed to send it out before the statute of limitations expired.  Defendant

rejected the request and told Plaintiff he needed to put in a request to attend the legal library, and

Defendant would call him in to finish copies.

5
6
7
8
9
10

On November 11, 2014, Plaintiff received a response from Defendant Dominguez that if

Plaintiff wanted to attend legal library, he would need to send an order stating Plaintiff needs

original and two copies.  On November 11, 2014, Plaintiff sent the revised petition along with the

only copy of supporting documents in the hope that Defendant would receive, copy, and return it to

Plaintiff the same day.  On November 12, 2014, Defendant arrived at the cell door with legal mail.

Plaintiff inquired about his request for copies.  Defendant stated he had not received the request yet.

11
12

On November 17, 2014, Defendant brought legal mail to Plaintiff.  Plaintiff asked Defendant if he'd

received the request yet, and Defendant replied "No."

13
14
15
16

Plaintiff then inquired about the documents with the floor officers.  Officer Nevarez said they

had been sent to the legal library.  Again on November 19, 2014, Defendant brought legal mail to

Plaintiff and advised Plaintiff that he still had not received the request along with the attached

documents.  Plaintiff then sent his request through Officer Nevarez.

17
18
19
20

Plaintiff request injunctive relief ordering Defendants Dominguez, Williams, Doser, and

Mayo to stop depriving Plaintiff of his rights to access the courts and the legal library.  Plaintiff

further asks for compensatory damages in the amount of $50,000.00 and punitive damages of

$20,000.00 against each Defendant.

21
22

**C.    DISCUSSION**

1.    Linkage

23
24
25
26
27
28

Under section 1983, Plaintiff must link the named defendants to the participation in the

violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009);

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of

Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002).  Liability may not be imposed under a theory of *respondeat superior*, and some causal

connection between the conduct of each named defendant and the violation at issue must exist.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff names Defendants Williams, Doser, and Mayo, but he fails to link any of these Defendants to participation in the alleged violation at issue. Therefore, Plaintiff fails to state a claim against Defendants Williams, Doser, and Mayo.

2.      Access to the Courts and Law Library

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips, 588 F.3d at 655; Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004). The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936.

Further, inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Therefore, Plaintiff fails to state a claim of denial of access to the courts.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

6

each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     **September 22, 2015**                    /s/ *Dennis L. Beck*
                                                     UNITED STATES MAGISTRATE JUDGE