UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GUTIERREZ,<br><br>             Plaintiff,<br><br>      vs.<br><br>R. DOMINGUEZ, et al.,<br><br>             Defendants. | 1:14-cv-01866-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER § 1983<br>(ECF No. 16.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.     BACKGROUND**

Ray Gutierrez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 24, 2014. (ECF No. 1.) The Court screened the Complaint under 28 U.S.C. § 1915A and issued an order on September 22, 2015, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 15.) On October 26, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (ECF No. 16.)

On December 10, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this case pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 8.)

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California, in the custody of the California Department of Corrections and Rehabilitation. The events at issue in the First Amended Complaint allegedly occurred at the California Correctional

Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer (C/O) R. Dominguez, C/O R. J. Williams, Sergeant G. Doser, and Captain R. Mayo (collectively, "Defendants"), who were all employed at CCI at the time of the events at issue. Plaintiff's factual allegations follow.

On March 7, 2014, Plaintiff made numerous requests to attend the law library. He advised defendant Williams that he had a statute of limitations of November 24, 2014 for a habeas petition of a sentence. Williams advised Plaintiff he would be called in. The floor staff told Plaintiff he was scheduled to attend the law library, but he was crossed off the list and was unable to attend the law library until June 13, 2014. At the law library, Plaintiff was denied photocopies of the habeas petition because he did not have funds in his trust account. Plaintiff is indigent, and defendant Williams, who was the librarian, had a duty to supply indigent persons with supplies, photocopies, paper, pens, envelopes, etc.

Again in August, defendant Williams denied Plaintiff photocopies and mailing envelopes, which delayed the filing of Plaintiff's habeas petition. On August 20, 2014, Plaintiff attended a committee meeting where defendants Doser and Mayo were present. Plaintiff advised Doser and Mayo that defendant Williams denied him legal supplies, and they told Plaintiff they would talk to her (Williams). Plaintiff's request for access to the law library was approved on July 4, 2014, to start on October 20, 2014. On September 3, 2014, Plaintiff was moved to another yard without his property. Plaintiff advised defendant Dominguez about his November 20, 2014 deadline, that he had no property, pen, legal paper, envelopes, transcripts, or case citations, and that he was scheduled for the law library on October 20, 2014.

On October 16, 2014, Plaintiff received his legal property, but he was not called to the law library or scheduled for October 20, 2014, as was previously approved on July 4, 2014. Defendant Dominguez has been known to block or delay the filing of habeas petitions and lawsuits, to refuse to mail legal documents, to take away legal research materials, and to deny access to law books.

On October 29, 2014, Plaintiff filed a 602 appeal about defendant delaying Plaintiff's access to the law library, and denying him photocopies and mailing envelopes.

On November 6, 2014, Plaintiff attended the law library and handed defendant a habeas petition for photocopy service. Defendant Dominguez took the petition and proceeded to read it. Some of the documents concerned Dominguez, and Dominguez told Plaintiff he didn't need copies of those documents. Plaintiff explained that those were exhibits to his habeas petition to show that Plaintiff was being denied access to the courts. Dominguez continued reading plaintiff's petition and confronted him, saying he did not need the exhibits. Plaintiff told defendant Dominguez that he was not allowed to read his confidential mail. Dominguez only made two copies of the petition for Plaintiff, but Plaintiff needed three copies so he could keep one for his records. Plaintiff paid for the copies, which caused him to choose between purchasing deodorant and copies, because after paying for the copies he was left with a zero balance in his trust account.

Defendant also provided Plaintiff with an outdated habeas petition form. While he was organizing his habeas petition, Plaintiff received a revised habeas petition form with instructions to file an original plus two copies. Plaintiff believes that Defendant refused to give him enough copies with the intent that his petition would be rejected as improperly filed with the court.

On January 20, 2015, while attending the law library, Defendant advised Plaintiff that the copy machine was out of service, so Plaintiff could not get copies of his objections to the Magistrate Judge's findings and recommendations. Plaintiff was scheduled to attend the law library on January 22, 2015, but Defendant said he would not call Plaintiff to the library on that day. Defendant knew Plaintiff had a deadline to file his objections in thirteen days. On January 27, 2015, a normal day for Plaintiff's PLU (priority legal user) access, Defendant again failed to call Plaintiff to the law library. On January 29, 2015, Plaintiff was given access to the law library and he asked Defendant why he did not call him on January 27th, to which Defendant replied, "Things change, like the wind." Plaintiff gave Defendant several declarations to photocopy. One of the declarations was by "McCoy," who was a witness to Defendant reading Plaintiff's confidential mail. Defendant refused to make Plaintiff a copy of that declaration and when Plaintiff received his copies, the "McCoy" declaration was not

included, and Plaintiff asked Defendant where it was.  Defendant told Plaintiff he was going to hold on to the declaration, and Plaintiff was escorted back to his cell.

On January 30, 2015, while at the law library, Plaintiff asked Defendant if he was going to call him to the library on February 2, 2016, the last day of Plaintiff's PLU access.  Defendant replied no, and that he would not be there.  Defendant then told Plaintiff that his legal mail did not go out last night and returned the declaration along with legal mail that did not go out.  Defendant became aggressive and said, "You don't think I know where this is going, I know where this is going, your (sic) trying to f*** me, if you try to f*** me, it's not going to work and I will get your a**."  Plaintiff told Defendant that it is a federal crime for state actors to threaten him.

Plaintiff seeks monetary damages and costs of suit.

**IV.     PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the

Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>see</u> <u>also</u> <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.  **Denial of Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Lewis</u>, 518 U.S. at 354. While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Phillips</u>, 588 F.3d at 655; <u>Jones v. Blanas</u>, 393 F.3d 918, 936 (9th Cir. 2004). The absence of an injury precludes an access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. <u>Harbury</u>, 536 U.S. at 415-16; <u>Jones</u>, 393 F.3d at 936.

Further, inmates do not have the right to a law library or legal assistance. <u>Lewis</u>, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. <u>Id.</u> Because inmates do not have "an abstract, freestanding right to a law library

1  or legal assistance, an inmate cannot establish relevant actual injury by establishing that his
2  prison's law library or legal assistance program is subpar in some theoretical sense." Id.
3     Plaintiff alleges that Defendants' actions, which denied him sufficient access to the law
4  library, writing materials, and envelopes, caused a delay in the filing of his habeas petition and
5  other legal documents. However, Plaintiff does not allege facts suggesting that any actual
6  injury occurred.
7     Plaintiff has no right to a law library or legal assistance. Lewis, 518 U.S. at 351.
8  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance,
9  an inmate cannot establish relevant actual injury by establishing that his prison's law library or
10 legal assistance is subpar in some theoretical sense." Id.
11    Therefore, Plaintiff fails to state a claim for denial of access to courts.
12    **B.     Due Process**
13    Plaintiff claims that his rights to due process were violated. The Due Process Clause
14 protects prisoners from being deprived of liberty or property without due process of law. Wolff
15 v. McDonnell, 418 U.S. 539, 556 (1974); Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In
16 order to state a cause of action for deprivation of procedural due process, a plaintiff must first
17 establish the existence of a property or liberty interest for which the protection is sought. Id.
18 Plaintiff fails to establish the existence of a protected interest. Therefore, Plaintiff fails to state
19 a claim for violation of due process.
20 **V.    CONCLUSION**
21    The Court finds that Plaintiff fails to state any cognizable claims in the First Amended
22 Complaint upon which relief may be granted under § 1983. The Court previously granted
23 Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now
24 filed two complaints without stating any claims upon which relief may be granted under §
25 1983. The Court finds that the deficiencies outlined above are not capable of being cured by
26 amendment, and therefore further leave to amend should not be granted. 28 U.S.C. §
27 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).
28 ///

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 6, 2016**                   **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE